UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

STAMATIA MONIOUDIS,

                Plaintiff,              **<u>MEMORANDUM & ORDER</u>**
                                        26-CV-3234 (EK)(PCG)
           -against-

COSTCO WHOLESALE CORPORATION,

                Defendant.

------------------------------------x
ERIC KOMITEE, United States District Judge:

      Plaintiff Stamatia Monioudis filed this tort action in the Supreme Court of New York, Kings County, against defendant Costco Wholesale Corporation ("Costco").  In keeping with New York law, the complaint did "not state the amount of damages to which [Monioudis] deem[ed] himself entitled."  N.Y. C.P.L.R. § 3017(c).  It did say, however, that "[p]laintiff is entitled to damages in the sum which exceeds the sum or value established by 28 U.S.C. § 1332(a) exclusive of interests and costs."  Compl. ¶ 32, ECF No. 1-1.  Three months later, Monioudis provided Costco with its damages estimate: $20,000,000.  Exhibit Response to Combined Demands, ECF No. 1-3.  Costco then removed the action to federal court on May 29.

      That was improper.  Ordinarily, a defendant has thirty days to file a notice of removal after they have been served.  *See* 28 U.S.C. § 1446(b)(1).  However, in tort suits filed in New

York state courts, it is often impossible for the defendant to determine from the face of the complaint if the case meets the federal jurisdictional requirement that the amount in controversy exceeds $75,000 because the complaint, by rule, does not include the actual damages estimate.  *See* N.Y. C.P.L.R. § 3017(c).  That is why the removal statute also provides:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3).

Here, Costco filed its notice of removal within thirty days of receiving Monioudis's $20,000,000 estimate.  But the 30-day clock had begun to run earlier, on the service of the complaint itself.  The Second Circuit has adopted the rule that:

> the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.  *See In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam) ("We find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount.")

*Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

It was evident from the face of Monioudis's complaint that he was "seeking damages in excess of the federal jurisdictional amount."  *Willis*, 228 F.3d at 897.  His complaint

stated that "[p]laintiff is entitled to damages in the sum which exceeds the sum or value established by 28 U.S.C. § 1332(a) exclusive of interests and costs."  Compl. ¶ 32.  This constituted the explicit disclosure that *Willis* and *Moltner* require.

As such, the thirty-day window to file a notice of removal opened when Costco was served with the complaint on February 20.  *See* Affirmation/Affidavit of Service*, Stamatia Monioudis v. Costco Wholesale Corporation*, 505487/2026, Docket Entry No. 2, (N.Y. Sup. Ct. Kings Cnty. Feb. 25, 2026). Costco's notice of removal was therefore untimely by several months.

Other courts in the Second Circuit have come to the same conclusion when faced with similar language in a complaint. *See, e.g., Jimenez-Castro v. Greenwich Ins. Co.*, No. 20-CV-09210, 2020 WL 7352505, at *2-*5 (S.D.N.Y. Dec. 15, 2020); *Reid v. Blair*, No. 21 CIV. 8870, 2022 WL 1261778, at *3-*4 (S.D.N.Y. Apr. 28, 2022); *Reyes v. Hess Retail Stores LLC*, 605 F. Supp. 3d 463, 466 (E.D.N.Y. 2022).

Although Monioudius has not moved to remand the case, *sua sponte* remand is proper when, as here, the district court identifies a procedural defect within thirty days of the filing of the notice of removal.  *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993).  Accordingly, this action

is remanded to New York State Supreme Court, Kings County, under Index No. 505487/2026. The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of the New York State Supreme Court in Kings County and to close this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    June 15, 2026
          Brooklyn, New York